UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

THEOTIS CONEY,

**Plaintiff,**

v.                                6:11-cv-35

MYLAN PHARMACEUTICALS, INC., et al.,

**Defendants.**

## ORDER

### I. INTRODUCTION

Plaintiff Theotis Coney ("Coney") filed a complaint, individually and as personal representative of the estate of his wife, Bertha Coney ("Bertha"). *See* Doc. 1-3 at 14 ("Complaint"). Coney asserted in his Complaint that "[t]his is an action to recover damages for loss of consortium damages sustained by Theotis Coney related to the wrongful death of his wife." *See id.*

Bertha developed a severe skin rash following her treatment with a prescription drug called "Dilantin." *See id.* Bertha died of these complications a month later. *See id.* Coney alleged nine counts: (1) strict liability for a failure to warn; (2) strict liability for defective design/manufacture; (3) negligence; (4) fraudulent concealment; (5) breach of implied warranty; (6) gross negligence; (7) joint and several liability; (8) punitive damages; and (9) loss of consortium. *See* Doc. 1-3.

Defendants Pfizer, Inc., Warner-Lambert Company LLC, and Pfizer Pharmaceuticals LLC ("Pfizer") removed this case from the State Court of Screven County, alleging fraudulent joinder of Georgia resident Defendant Ross Drugs, Inc. ("Ross"). *See* Doc. 1. Coney argues that Ross has been properly joined and requests that the Court remand the case to state court. *See* Doc. 12.

All Defendants have filed motions to dismiss. *See* Docs. 6 (motion to dismiss filed by Pfizer), 8 (motion to dismiss filed by Mylan Bertek Pharmaceuticals Inc., Mylan Laboratories, Inc., and Mylan Pharmaceuticals, Inc. ("Mylan") (collectively with Pfizer and Ross ("Defendants")), 15 (motion to dismiss filed by Ross).

Coney confirmed that "[t]his is an action to recover damages for loss of consortium damages sustained by Theotis Coney related to the wrongful death of his wife" in his opposition to Defendants' motions to dismiss. *See* Doc. 24 at 2. Thus, Coney's allegations all appear to be subsumed within his loss of consortium claim despite his nine separate "counts." *See Hightower v. Landrum*, 109 Ga. App. 510, 514 (1964) (requiring substantive liability before defendant may be liable for loss of consortium).

### II. FACTS

In November 2007, Bertha was hospitalized for treatment of seizures associated with her breast cancer after it metastasized to her brain. *See* Docs. 12 at 2, 1-3 at 19. Her treating physician prescribed and administered Dilantin at that time. *See id.* Dilantin is the brand name under which Pfizer markets the drug Phenytoin Sodium. *See id.* Mylan distributes a generic form of the drug. *See id.* at 2 n.1. Bertha's

physician gave her a prescription for Dilantin upon her discharge from the hospital. *See id.* at 2. She filled that prescription at Ross. *See id.*

Bertha developed a severe skin rash in February 2008. *See* Doc. 1-3 at 19. On February 22, 2008, physicians diagnosed her with Stevens-Johnson Syndrome ("SJS") and Toxic Epidermal Necrolysis Syndrome ("TENS"), potentially fatal diseases known to develop in African-American patients on Dilantin. *See id.* Bertha died on March 21, 2008 as a result of these diseases. *See id.*

Theotis Coney was named Administrator of Bertha's estate on August 15, 2008. But Coney did not file this suit until March 2, 2011. *See* Doc. 12 at 3.

The parties hotly contest whether Coney brought his action within Georgia's two-year statute of limitation for personal injuries. *See, e.g.,* Docs. 6-1 at 3-5, 8-1 at 4-6, 12 at 10-11, 18 at 4-6, 27 at 2-3. This statute only becomes relevant if Coney has brought a survival claim on behalf of Bertha's estate or a wrongful death action as her heir; the Court finds he has done neither. *See* Doc. 1-3 at 14 ("This is an action to recover damages for loss of consortium . . . ."). Thus, the Court does not address this issue.

### III. ANALYSIS

#### A. Remand

##### 1. Diversity Jurisdiction

As the Eleventh Circuit has explained, "there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. Am. Home Assurance Co.,* 264 F.3d 1040, 1050 (11th Cir. 2001) (citing *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994)). This "presumption in favor of remand is necessary because if a federal court reaches the merits of a pending motion in a removed case where subject matter jurisdiction may be lacking it deprives a state court of its right under the Constitution to resolve controversies in its own courts." *Univ. S. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 411 (11th Cir. 1999).

Notwithstanding this presumption, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" may be removed to federal court. 28 U.S.C. § 1441(a). Defendants allege that this Court has subject matter jurisdiction on the basis of diversity. *See* Doc. 1. In order to establish diversity jurisdiction, Defendants must show that: (1) the amount in controversy exceeds $75,000, and (2) the parties are completely diverse. *See* 28 U.S.C. § 1332(a). The parties do not dispute that the requisite amount in controversy has been satisfied.

Defendants "may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 84 (2005). Here, Ross and Coney are Georgia residents. Defendants argue that the Court should disregard Ross's citizenship because it was fraudulently joined. *See* Doc. 1 at 4-5; *see also Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998) ("Fraudulent joinder is a judicially created

doctrine that provides an exception to the requirement of complete diversity.").

In order to establish diversity jurisdiction in a case involving fraudulent joinder, the Defendants must prove that either: "(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Crowe v. Coleman,* 113 F.3d 1536, 1538 (11th Cir. 1997). Defendants "bear[] the burden of proof on the issue of diversity." *Catlett v. Wyeth, Inc.,* 379 F. Supp. 2d 1374, 1376 (M.D. Ga. 2004) (citing *Wilson v. Gen. Motors Corp.,* 888 F.2d 779, 782 n.3 (11th Cir. 1989)).

The standard for making such an evaluation is similar to the summary judgment standard: "the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." *Crowe,* 113 F.3d at 1538. This standard does not mean, however, that the Court "must blindly accept whatever plaintiffs may say no matter how incredible or how contrary to the overwhelming weight of the evidence. Courts are not to decide automatically in favor of remand simply because some facts may be said to be in dispute." *Catlett,* 379 F. Supp. 2d at 1379 (internal quotation and citation removed).

The Court makes its determination "based on the plaintiff's pleadings at the time of removal; but the court may consider affidavits and deposition transcripts submitted by the parties." *Crowe,* 113 F.3d at 1538.

Defendants do not claim that Coney has fraudulently pled jurisdictional facts. Instead, they argue that there is no possibility that he can maintain his claims against Ross.

"If there is even a possibility" that the complaint states a viable cause of action against Ross, "the federal court must find that joinder was proper and remand the case to state court." *Id.* (citing *Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1440-41 (11th Cir. 1983), *superseded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.,* 991 F.2d 1533, 1540 (11th Cir. 1993)).

Coney named Ross in all but Count II. *See* Doc. 1-3 at 21-37. But Coney now concedes that Ross cannot be liable for Count I, strict liability, under Georgia Law. *See* Doc. 12 at 8. Loss of consortium claims carry a four year statute of limitation, *see* O.C.G.A. § 9-3-33, and Defendants do not contest Coney's timeliness regarding that claim.

Coney must show that the defendant is liable for some injury to his spouse and that he has lost consortium. *See Hightower v. Landrum,* 109 Ga. App. 510, 514 (1964). Coney claims that Ross deprived him of his wife's services due to its negligence, fraudulent concealment, breach of an implied warranty, and gross negligence. *See* Doc. 1-3 at 36-37. Because he cannot sustain any of those underlying claims against Ross on the merits, he cannot possibly succeed in a loss of consortium claim.

3

Coney cites cases dealing generally with sellers of products in support of his claims against Ross. *See* Doc. 12 at 8-9. Coney cites no cases discussing pharmacy liability. *See id.* Instead, Coney cites a Georgia Pharmacy Journal guide on tobacco counseling. *See id.* at 9.

Any form of negligence requires "the existence of a duty on the part of the defendant, a breach of that duty, causation of the alleged injury, and damages resulting from the alleged breach of the duty." *Rasnick v. Krishna Hospitality, Inc.*, 2011 WL 2610298, at *1 (Ga. July 5, 2011).

Georgia pharmacies have no duty to warn consumers of risks associated with prescription drugs under the learned intermediary rule. *See Chamblin v. K-Mart Corp.*, 272 Ga. App. 240, 244 (2005). In *Chamblin*, the court held that the prescribing physician "is in a better position to warn the patient." *See id.* Accordingly, Coney's claim fails at the first step: duty.

Similarly, "an obligation to disclose must exist before a party may be held liable for fraud based upon the concealment of material facts." *DaimlerChrysler Motors Co., LLC v. Clemente*, 294 Ga. App. 38, 56 (2008) (quoting *Infrasource v. Hahn Yalena Corp.*, 272 Ga. App. 703, 705 (2005)). Georgia pharmacies have no such obligation. *See Chamblin*, 272 Ga. at 244.

The learned intermediary doctrine also protects pharmacists from implied warranty suits. *See Presto v. Sandoz Pharms. Corp.*, 226 Ga. App. 547, 551 (1997) (claim dismissed where defendants neither manufactured nor prescribed the subject drug). The Georgia Court of Appeals also "acknowledge[d] persuasive authority from other jurisdictions holding that such implied warranties do not apply to the dispensing of medication by a pharmacist." *Id.*; *see also Sparks v. Kroger Co.*, 200 Ga. App. 135, 136 (1991) (pharmacist cannot be liable without a finding of professional malpractice).

Coney fraudulently joined Ross, and therefore this Court must disregard its Georgia citizenship. The remaining parties are completely diverse, and this Court has jurisdiction under 28 U.S.C. § 1332.

### 2. Procedural Flaws

Coney challenges removal on procedural grounds as well, alleging that Defendants failed to timely join or consent to a petition for removal. *See* Doc. 12 at 6. All defendants must timely join or consent to a petition for removal. *See In re Bethesda Mem. Hosp., Inc.*, 123 F.3d 1407, 1410 n.2 (11th Cir. 1997). But an exception to this rule exists where a defendant has been fraudulently joined. *See Pensyl v. Terminix Int'l Co.*, 2010 WL 1487269, at *1 n.3 (M.D. Ga. Apr. 12, 2010). Pfizer removed with Mylan's consent. *See* Doc. 1 at 3. Ross did not consent, but was fraudulently joined. Defendants satisfied 28 U.S.C. § 1446's requirements.

Coney's motion for remand, *see* Doc. 12, is ***DENIED***.

### B. Motions to Dismiss

All Defendants have filed motions to dismiss. *See* Docs. 6, 8, 15. In considering a Federal Rule of Civil Procedure 12(b)(6) motion, all facts in the plaintiff's complaint "are to be accepted as true and the court

4

limits its consideration to the pleadings and exhibits attached thereto." *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993). A complaint will not be dismissed so long as it contains factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (claim must have "facial plausibility"); *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010).

### 1. Ross

Ross moves to dismiss based on the grounds discussed above. Coney cannot possibly succeed on any of his claims against Ross, even assuming the truth of Coney's allegations. Those claims are ***DISMISSED***. Ross's motion to dismiss, *see* Doc. 15, is ***GRANTED***.

### 2. Pfizer & Mylan

Pfizer and Mylan move to dismiss any wrongful death claim or survival action Coney brings "to the extent his lawsuit asserts [those claims.]" *See* Docs. 6-1 at 1; 8-1 at 1-2. As to Coney's loss of consortium claim, Defendants challenge its basis on a breach of implied warranty and move to pare down his requested relief. *See* Docs. 6-1 at 6-8, 8-1 at 7-9.

Coney does not bring any claim directly on behalf of his wife's estate or any wrongful death action as her heir. While he does describe himself as bringing the case "Individually and as Personal Representative of the Estate of Bertha Coney, Deceased," he twice describes the action as one for loss of consortium damages sustained by himself. *See* Doc. 1-3 at 14. The Court expresses no opinion as to the sufficiency of Coney's pleading of any wrongful death or survival action, or compliance with their statutes of limitation.

#### a. <u>Breach of Implied Warranty</u>

Pfizer and Mylan move to dismiss Coney's loss of consortium allegations based on its breach of an implied warranty. *See* Docs. 6-1 at 5-6, 8-1 at 6-7. Coney admits that he lacks privity with Pfizer or Mylan because Bertha purchased her prescription through Ross, rather than directly through either manufacturer. *See* Doc. 24 at 15-16. But Coney contends that privity is not required to state a claim for breach of an implied warranty. *See id.* Coney quotes O.C.G.A. § 51-1-11(b)(1):

> The manufacturer of any personal property sold as new property directly or through a dealer or any other person shall be liable in tort, irrespective of privity, to any natural person who may use, consume, or reasonably be affected by the property and who suffers injury to his person or property because the property when sold by the manufacturer was not merchantable and reasonably suited to the use intended, and its condition when sold is the proximate cause of the injury sustained.

But this statute means that privity is not required to prove negligence, strict liability, or another *tort* claim. An implied warranty claim is a *contract* action and requires privity. *See In re Mentor Corp. ObTape Transobturator*

5

*Sling Prods. Liab. Litig.*, 711 F. Supp. 2d 1348, 1366 (M.D. Ga. 2010); *see also* O.C.G.A. § 51-1-11(a) ("[I]f the tort results from the violation of a duty which is itself the consequence of a contract, the right of action is confined to the parties and those in privity to that contract . . . ."). Coney's loss of consortium claim based on the breach of an implied warranty is ***DISMISSED***.

b. Damages

Defendants argue that the loss of consortium damages Coney seeks exceed those allowed by Georgia law. *See* Docs. 6-1 at 6-8, 8-1 at 7-9. Under Georgia law, consortium includes "society, companionship, love, affection, aid, services, cooperation, sexual relations, and comfort, such being special rights and duties growing out of the marriage covenants." *Smith v. Tri-State Culvert Mfg. Co.*, 126 Ga. App. 508, 510 (1972).

"A claim for loss of consortium does not extend the period during which damages may be asserted for physical injuries to the person." *Branton v. Draper Corp.*, 185 Ga. App. 820, 821 (1988). "A claim for 'loss of consortium' does not include lost wages, medical expenses, or loss of earning capacity." *Id*. Also, "the right of consortium exists only during the joint lives of the husband and wife and where the injured spouse subsequently dies, either as a result of the injury or from other causes, the survivor can recover for the loss of consortium only to the time of the other's death." *Walden v. Coleman*, 105 Ga. App. 242, 243 (1962) (internal citation omitted).

Coney's prayers for lost earnings, healthcare expenses, repossessed vehicles, and any damages incurred after Bertha died are unrecoverable. *See Branton*, 185 Ga. App. at 821.

Defendants also argue that punitive damages are unavailable for a loss of consortium claim in Georgia. *See* Docs. 26 at 6, 27 at 6. Pfizer complains that "Plaintiff cites no law that punitive damages are available for a loss of consortium claim" and asserts that "[i]ndeed, they are not." *See* Doc. 26 at 6. Pfizer, however, also fails to cite any authority. *See id*.

Mylan argues that "a loss-of-consortium plaintiff cannot recover punitive damages in cases that involve wrongful death." *See* Doc. 8-1 at 9 (citing *Engle v. Finch*, 165 Ga. 131 (1927)). In *Engle*, the court held that the damages provided by Georgia's wrongful death act are themselves punitive and thus a plaintiff collecting wrongful death damages could not also collect punitive damages. *See Engle*, 165 Ga. at 131.

Here, Coney did not bring a wrongful death claim. He seeks only loss of consortium and punitive damages. "Damages for loss of consortium are designed to *compensate* the spouse for the loss of services, sexual intercourse, society and affectionate relations," rather than to punish anyone. *Timms v. Verson Allsteel Press Co.*, 520 F. Supp. 1147, 1149 (N.D. Ga. 1981) (emphasis added). Thus, allowing punitive damages is not duplicative.

This Court's own research unearthed one case in which Georgia courts allowed a loss

6

of consortium plaintiff to also collect punitive damages. *See J.B. Hunt Transp., Inc. v. Bentley*, 207 Ga. App. 250, 252 (1992). The court affirmed a jury's award for loss of consortium and $250,000 in punitive damages to a wife whose husband was injured, but not killed, in a vehicular collision. *See id.*

Georgia law allows punitive damages for loss of consortium plaintiffs.

### 3. Resolution

Coney asks that he be allowed to file an amended complaint in lieu of dismissal in the event the Court finds his pleading insufficient. *See* Doc. 24 at 16.

The Eleventh Circuit has "recognized that, where it appears a more carefully drafted complaint might state a claim upon which relief can be granted, . . . a district court should give a plaintiff an opportunity to amend his complaint instead of dismissing it. However, if a more carefully drafted complaint could not state a claim . . ., dismissal with prejudice is proper." *See Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1213 (11th Cir. 2001) (internal citation and quotation omitted).

Coney's claims against Ross cannot state a claim no matter how much more care his attorneys exercise in repleading his Complaint. Georgia law does not burden pharmacists with the duties that Coney believes Ross violated. *See Chamblin v. K-Mart Corp.*, 272 Ga. App. 240, 244 (2005). These claims are *DISMISSED*.

Similarly, Coney's loss of consortium claims based on an alleged breach of implied warranty would not state a claim under a more carefully plead complaint. Coney acknowledges that Bertha had no privity with Pfizer or Mylan. *See* Doc. 24 at 15-16. Georgia law requires privity to hold a manufacturer liable for a breach of an implied warranty. *See In re Mentor Corp. ObTape Transobturator Sling Prods. Liability Litig.*, 711 F. Supp. 2d 1348, 1366 (M.D. Ga. 2010). This claim is *DISMISSED*.

Likewise, Coney's prayer for loss of consortium damages included items that Georgia law does not allow. Removing these claims does not prejudice Coney's ability to seek those loss of consortium damages allowed under Georgia law. His other claims are *DISMISSED*.

Pfizer's and Mylan's motions to dismiss, *see* Docs. 6, 8, are *GRANTED IN PART AND DENIED IN PART*.

7

## IV. CONCLUSION

Coney's motion for remand, *see* Doc. 12, is ***DENIED***.

Ross's motion to dismiss, *see* Doc. 15, is ***GRANTED***.

Pfizer's and Mylan's motions to dismiss, *see* Docs. 6, 8, are ***GRANTED IN PART AND DENIED IN PART***.

This 16th day of August 2011.

/s/ B. Avant Edenfield
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA